# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HEATHER NORRIS,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
DE-315H-13-0333-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Heather Norris, Topeka, Kansas, pro se.

Kristen F. Trainor, Esquire, Kansas City, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective April 8, 2012, the agency appointed the appellant to a GS-0962-05 Contact Representative position in Topeka, Kansas.  Initial Appeal File (IAF), Tab 26 at 11.  The career-conditional appointment to the competitive service was subject to the appellant completing a 1-year initial probationary period.  *Id*. According to the Standard Form 50 (SF-50) documenting the appointment, the appellant did not have any prior Federal service at the time.  *Id*.

¶3        On March 26, 2013, the Associate Director for Contact Management met with the appellant and orally informed her that she would be terminated effective March 29, 2013.  Hearing Compact Disc (HCD) (testimony of D.H.).  On the same day, the agency also provided her with a written notice stating that she was being terminated for alleged performance and conduct deficiencies.  IAF, Tab 26 at 14.  The notice also stated that the effective date of termination would be March 29, 2013, and that the appellant would be on "Administrative Absence" until then.  *Id*. at 14, 16. Following the termination meeting, the agency provided the appellant with various documents, including a cover letter, dated April 15,

2013, which stated: "This office has received your separation action effective: 04/15/2013." *Id*. at 22.

¶4        On June 6, 2013, the appellant filed an appeal with the Board challenging the agency's termination action.  IAF, Tab 1.  The agency moved to dismiss the appeal for lack of jurisdiction, asserting that the appellant was not an employee with Board appeal rights as defined under 5 U.S.C. § 7511(a)(1)(A) because she was a probationary employee at the time of termination.  IAF, Tab 15.  In response to the agency's motion, the appellant argued, based on the statement in the April 15, 2013 cover letter, that her effective termination date was April 15, 2013, which was more than 1 year after her initial appointment on April 8, 2012, suggesting that she was no longer a probationary employee and that the Board has jurisdiction over her removal appeal.  IAF, Tab 17.  After holding a jurisdictional hearing, the administrative judge issued an initial decision on September 25, 2013, finding that, based on the totality of the circumstances, it was more likely to be true[2] that the appellant's appointment was terminated on March 29, 2013, and dismissing the appeal for lack of jurisdiction.  IAF, Tab 31, Initial Decision (ID) at 7.

---

[2] At the jurisdictional hearing, the appellant was required to prove jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i) (2013) (now codified at 5 C.F.R. § 1201.56(b)(2)(i)(A) (2016)).  The appropriate regulation defines preponderant evidence as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue."  5 C.F.R. § 1201.56(c)(2) (2013) (now codified at 5 C.F.R. § 1201.4(q) (2016)).  After the issuance of the initial decision, the Board amended 5 C.F.R. § 1201.56.  *See* 80 Fed. Reg. 4,489, 4,489 (Jan. 28, 2015) (noting that the amended regulations would be applicable in an appeal filed on or after March 30, 2015).  Although the provisions material to the outcome of this appeal were renumbered, the result of this appeal would be the same under either version of the regulations.

¶5  On May 14, 2016, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition. PFR File, Tab 5.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" provided in U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d). For an individual in the competitive service such as the appellant, this requires that she must either (1) not be serving a probationary or trial period under an initial appointment, or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).[4]

¶7  Here, the appellant argues that she was terminated after April 8, 2013, suggesting that she was no longer serving a probationary period and that she had completed 1 year of current continuous service, as her SF-50 lists her service computation date as April 8, 2012. IAF, Tab 26 at 11; PFR File, Tab 1 at 4-5. Thus, the appellant claims that, because her effective termination date was after April 8, 2013, she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(A) and that the Board has jurisdiction to review her appeal. PFR File, Tab 1 at 4-5.

---

[3] There is a timeliness issue with the appellant's petition for review. PFR File, Tab 5 at 4-5; *see* 5 C.F.R. § 1201.114(e) (requiring that a petition for review generally must be filed within 35 days after the date of issuance of the initial decision). However, because we have denied the petition for review on the merits, we do not reach the timeliness issue.

[4] A probationary employee who lacks chapter 75 appeal rights may have the right to appeal a termination to the Board on the limited grounds set forth in 5 C.F.R. § 315.806. *Walker*, 119 M.S.P.R. 391, ¶ 5. The administrative judge found that the appellant did not allege that she met any of the limited categories discussed in the regulations. ID at 5. The appellant did not challenge this finding on review, and we find no reason to disturb it.

¶8      On review, the appellant submits new evidence, which she believes demonstrates that her effective termination date was after April 8, 2013, and thus, she should be considered an "employee" with appeal rights to the Board. PFR File, Tab 1. As new evidence, the appellant submits her Earnings and Leave Statement for the pay period ending on November 2, 2013. *Id*. at 8. She also submits an email dated February 24, 2016, from a Human Resource Specialist with the agency, which told the appellant that, "since you left service in January of 2014[,] we do not have your records on file (they have been transferred to [the Office of Personnel Management])." *Id*. at 24. The appellant also alleges that she received a corrected Standard Form 52 in March 2016, but she failed to submit that document to the Board. *Id*. at 5.

¶9      To grant a petition for review based on new evidence, the petitioner must show that new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Id*. To satisfy this criterion for granting a petition for review, the new evidence must be of sufficient weight to warrant an outcome different from what was ordered by the administrative judge. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶10     We find that the November 2013 Earnings and Leave Statement and February 2016 email were unavailable to the appellant when the record closed in August 2013, despite her due diligence. Nonetheless, we find that none of the evidence submitted by the appellant is of sufficient weight to disturb the administrative judge's findings. Neither document supports the appellant's initial argument that her effective termination date was April 15, 2013. Rather, the appellant relies on the two documents to claim, for the first time, that the effective termination date was even later than April 15, 2013. PFR File, Tab 1 at 4-7. However, neither document contains a specific date on which the

appellant asserts she was effectively terminated. The November 2013 Earnings and Leave Statement is an incomplete document and offers nothing to demonstrate that the appellant was either working or receiving compensation during November 2013. *Id.* at 8. When compared to the appellant's April 2013 Earnings and Leave Statement provided by the agency, it is clear that the appellant's earnings remained the same from April 2013 to November 2013, suggesting that she was not working or earning any compensation from the agency. PFR File, Tab 5 at 9-10. As such, we find that the November 2013 Earnings and Leave Statement is not of sufficient weight to disturb the administrative judge's finding.

¶11 Regarding the email between the appellant and the Human Resource Specialist in February 2016, we similarly find that it is not of sufficient weight to disturb the administrative judge's finding. The email does not provide any specific date of effective termination and offers only a general time frame of January 2014. PFR File, Tab 1 at 24. Further, in a declaration submitted by the agency on petition for review, the Human Resource Specialist stated that her reference to an effective termination date sometime in January 2014 was based only on information that the appellant previously had provided to her and not on any official agency document. PFR File, Tab 5 at 11. We find nothing in the email that shows that the appellant's effective termination date was after April 8, 2013.

¶12 In addition to the new and material evidence, the appellant also argues on review that the agency's documents contained numerous inconsistencies regarding her effective termination date and that the agency should be held accountable for the inconsistent dates. PFR File, Tab 1 at 5-6. In the initial decision, the administrative judge addressed this position and noted that "it is understandable that the varying dates in the agency's documents would create confusion on the appellant's part as to how long her employment lasted," but, after a thorough discussion of the inconsistencies, the administrative judge made

a factual finding that the "04/15/2013" separation date set out in the April 15, 2013 benefits cover letter was a typographic error.  ID at 5-6.  Thus, the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions.  ID at 6-7.  As such, we find no reason to disturb the administrative judge's findings in this regard.  *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06  (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13      The appellant also argues on review that her supervisor did not have the authority to terminate her.  PFR File, Tab 1 at 5.  We find this assertion immaterial to the issue of jurisdiction, as it does not relate to whether the appellant is an employee as defined by 5 U.S.C. § 7511(a)(1)(A), and we, therefore, do not address the merits of this claim.

¶14      Based on the foregoing, we conclude that the appellant has not established any basis for granting her petition for review, and we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.